**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA**,

                Plaintiff,

v.                                                                               Case Number: 24-cr-40011-TC

**MARGARET E. SHAFE**,

                Defendant.

## DETENTION ORDER

**A.**      **Order for Detention**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) on March 11, 2024, the undersigned hereby orders Defendant Margaret E. Shafe detained pursuant to 18 U.S.C. §§ 3142(e) & (i).

**B.**      **Statement of Reasons for Detention**

As the ultimate reasons for detaining Defendant, the court finds:

☒    by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, i.e., Defendant poses a serious flight risk; and

☒    by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

**C.**      **Findings of Fact**

Defendant declined to participate in an interview with U.S. Probation and therefore there is no Pretrial Services Report in this case. The Court's findings in connection with the decision to detain Defendant are limited to the evidence presented during the detention hearing, including the following:

☒    (1)    Nature and circumstances of the offense charged in the present case:

              ☒    The offense:

    The Indictment charges Defendant with a single count: Count 1, Murder—First Degree.  This is punishable by death or by imprisonment for life.

   ☒ The Government contends that the offense is a crime of violence.

   ☒ The offense involves a firearm, explosive, or destructive device.

☒ (2) The record indicates the Government has a strong case against Defendant due to her alleged confessions, witness testimony and the audio recording of Defendant the victim recorded shortly before he was shot.

☒ (3) The history and characteristics of Defendant, including:

  (a) General factors:

   ☒ As discussed at the detention hearing, Defendant does appear to have significant mental health challenges.

   ☒ Defendant has no family ties in the area and few ties outside of the District.

   ☒ Defendant is unemployed has no stable history of employment.

   ☒ Defendant does not have substantial financial resources and, as alleged by the Government, will not be eligible for any military benefits during the pendency of this case.

   ☒ Defendant is not a long-time resident of the community.

   ☒ Defendant does not have significant community ties in this District or elsewhere.

   ☒ Past conduct of Defendant:  As detailed at the hearing, after the shooting, Defendant is alleged to have attempted to flee the military base while the victim was still alive.  She never called law enforcement after the shooting.

   ☒ Because Defendant declined to participate in an interview with U.S. Probation, her history related to use of drugs and alcohol is unknown.  As discussed at the detention hearing, she does appear to have a history of both alcohol abuse and some use of controlled substances.  The Court notes that her Blood Alcohol Content was taken after the shooting and it was at or above the legal limit to operate a motor vehicle in Kansas.

    ☒  Defendant has no prior criminal record.

    ☒  Defendant has no prior record of failing to appear at court proceedings.

    ☒  Defendant does not have a prior record of failing to comply with conditions of release.

☒ (4) If released, Defendant poses both a serious risk of flight and a serious risk of danger to the community.

With regard to the risk of flight, if convicted, Murder—First Degree is punishable by death or imprisonment for life, the most serious penalties available in the federal system. The risk of the death penalty absolutely creates a strong incentive for Defendant to flee.

But it is not the penalties alone that underscore Defendant's risk of flight. As detailed at the detention hearing, after she purportedly shot her husband, Defendant attempted to leave the military base with her two children. She never contacted law enforcement to report the shooting and her husband was still alive at the time she left her home with her two children. Authorities were contacted only because Defendant's nine-year-old daughter placed a videocall to her father immediately after the shooting and told him that she was terrified because Defendant shot her stepfather, the victim. The minor's father could see the victim's body and a gun on the floor behind the child. He called 911 and he was provided with contact information for Fort Riley. He contacted Fort Riley, which is how law enforcement found out about the shooting.

Defendant does not have strong ties either to the District or to anywhere else. At the detention hearing, Defendant declined to make any proffer or argument to rebut the extensive proffer offered by the Government. While the Government addressed each of the 18 U.S.C. § 3142(g) factors and explained why the information known to the Government weighed in favor of detention, Defendant did not proffer anything with regard to her family or community ties, employment history, physical or mental condition, or history of drug or alcohol use. The Court does not have any information about where Defendant would reside if released. She has previously lived either on the military base or with her in-laws, neither of which are options going forward. The lack of any kind of release plan underscores her serious risk of flight.

With regard to the risk of danger, Defendant is alleged to have killed her husband by shooting him in the face in close proximity. She is alleged to have done this in front of her two minor children, ages 1 and 9.

At the detention hearing, the Government played an audio recording that was found on the victim's cell phone. The recording allegedly was taken minutes

3

before the victim was shot and appears to be a recording of Defendant screaming at the victim. On the recording, Defendant is heard saying that she wants the victim to feel her pain. She is heard saying that she wants him dead. She says that she hates the victim, that she is sick of him, and that she hopes he dies. She says that she will ruin him and that he will rot in hell. The Court paraphrases the audio recordings because the sentences were replete with expletives.

The recording appears to end because one of the victim's co-workers arrived at the residence to borrow something. The co-worker reported to law enforcement that Defendant came outside and continued to scream at the victim. Within minutes of the co-worker leaving the residence, the victim is shot.

Defendant is alleged to have shot her husband in front of her children. As detailed at the detention hearing, she was intoxicated when she drove her two children away from the house. Military police reported that the two children were in the front seat of the vehicle, unrestrained, further putting them in danger.

The Court finds that the Government met its respective burdens of establishing both that Defendant is a serious risk of flight and a serious risk of danger. Nonetheless, the Court considered whether there are any conditions or combination of conditions that could reasonably address these risks. But Defendant declined to be interviewed by U.S. Probation and declined to proffer any information or argument at the detention hearing. The Court cannot evaluate any release plan because no release plan was offered. It is unknown where Defendant could reside if released since she will not be eligible for any military benefits while this case is pending and does not appear to have other family or community ties.

**D.      Additional Directives**

Pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), the Court directs Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel of record in this case. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated March 12, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge