**In the United States District Court
for the District of Kansas**

**United States of America**,
   Plaintiff,

v.              Case No. 5:24-cr-40011-TC

**Margaret E. Shafe**,
   Defendant.

### Margaret Shafe's Supplemental Filing Regarding the Relevance of Testimony About the SD Website

For reasons we've already addressed, the fact that G.S. was sexually attracted to minors is relevant to, and probative of, the only disputed issue in this case: Ms. Shafe's intent at the time of the shooting.[1] As we explain below, both (1) Brandon Lamar's pending nonexpert testimony regarding the live contents of the SD website as of December 2024; and (2) Michele Bush's pending nonexpert testimony regarding the archived contents of that same website in October 2023 are therefore admissible to prove this critical fact.[2]

---

[1] *See, e.g.*, Doc. 77; Doc. 98.

[2] *See* Doc. 130 at 10 (conceding that such testimony "is not expert testimony"). Because the government concedes that testimony about a website's contents isn't expert testimony, neither Rule 702 nor *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 582 (1993), applies here. *See* Doc. 141 at 3 & n.12 (making this same argument (citing Doc. 130 at 10)).

**Relevant Factual and Procedural Background**

The government previously admitted a video recording of Margaret Shafe's February 20, 2024 statement to Agent Brandon LaMar. During that recorded statement, the following exchange occurred between LaMar and Ms. Shafe:

```
23        FBI SA BRANDON LAMAR:  I mean if he is, we'll
24   know, won't we?  When we go look through his phones and we
25   do all that kinda stuff, right?  'Cause there's still an

             Integrity Transcription, Carol A. Roberts, Certified Shorthand Reporter
                                    785-221-0039
```

```
                                                                  46
1    investigation to be done.
2         If you're tellin' me that when we look through all
3    these phones or devices or talk to his friends or his
4    family, they're all gonna -- someone's gonna tell me that
5    he was into children?
6         Something on his phone would -- would spark a search
7    on the internet or something of chi -- of children, right?
8         MS. MARGARET SHAFE:  I don't know about
9    children.  I know he would look like at a lotta porn.
10        FBI SA BRANDON LAMAR:  Okay.
11        MS. MARGARET SHAFE:  He would look at a lotta
12   like stepsister.  Stuff like that.  He made our jokes in
13   the beginning of our relationship about ███.  Just,
14   you know, when she gets older, you know, um --
```

Based on this exchange, LaMar could have fairly and accurately testified at trial that Ms. Shafe said she didn't know whether officers would find pornographic

images of children on G.S.'s iPhone as of February 20, 2024. Instead, LaMar testified to something else entirely. He suggested that Ms. Shafe said she did know that she herself had never seen any pornographic images of children on G.S.'s iPhone at any time.

```
17   Q.   Was there any reference -- did she mention anything about
18        seeing children?
19   A.   No, she said she did not see children.
```

LaMar's trial testimony mischaracterizes Ms. Shafe's statement. Ms. Shafe didn't say she *was* sure that she never saw any pornographic images of children on G.S.'s iPhone on *any* date. Instead, Ms. Shafe said she *wasn't* sure whether officers would find any pornographic images of children on G.S.'s iPhone as of that *particular* date.

Conversely, LaMar didn't narrowly testify at trial on February 6, 2025, that he saw no actual pornographic images of children on G.S.'s iPhone when he examined it. Instead, LaMar more broadly testified that he never saw anything at all on the iPhone that was even indicative of G.S. ever looking at such images.

```
8    Q.   Did you observe anything that in your opinion was on its
9         face indicative of that behavior?
10   A.   No, not at all.
```

In a January 10, 2025 email, however, LaMar admitted that (1) G.S.'s iPhone contained evidence that G.S. visited the SD website on December 23, 2023; and (2) when LaMar visited that same website in December 2024, it contained

pornographic images of children. A portion of this January 10, 2025 email appears below:

> Essentially, through review of web history logs on one of our deceased victims (homicide case), *spermdose.com* appeared as an item the victim clicked on in December of 2023 when searching for adult pornography. I have verified that this website does in fact contain CSAM images on its opening webpage, but I have not conducted further investigative steps.

## Argument and Authorities

Standing alone, evidence relating to LaMar's December 2024 visit to the SD website is admissible to impeach LaMar's broad, unequivocal trial testimony.[3] After all, the fact that the SD website contained CSAM when LaMar visited it in December 2024 makes it at least somewhat more likely than it would otherwise be that the SD website also contained CSAM on December 23, 2023.[4] This fact, in turn, makes it more likely than it would otherwise be that G.S. viewed CSAM on the SD website when he visited the website on that date. And the fact that G.S. viewed CSAM on the SD website when he visited it on December 23, 2023, is indicative of G.S. engaging in such behavior. Thus, evidence that the SD website contained CSAM when LaMar visited it in December 2024 is admissible to impeach LaMar's February 6, 2025 testimony that he never saw *anything* on G.S.'s iPhone that was even indicative of G.S. looking at CSAM.

---

[3] *See, e.g.*, Fed. R. Evid. 613(b).

[44] *See* Fed. R. Evid. 401 (explaining that evidence is relevant if "it has *any* tendency to make a fact more . . . probable than it would otherwise be" (emphasis added)).

4

Additionally, evidence of LaMar's December 2024 visit to the SD website doesn't stand alone. As we've already explained, this Court must take judicial notice of the contents of the SD website on October 2, 2023, as archived by the Wayback Machine.[5] And Michele Bush will testify that, based on her review of the Wayback Machine's archives, the SD website contained suspected CSAM on October 2, 2023.[6]

The fact that the SD website contained CSAM in October 2023 *and* in December 2024 suggests that the website's contents remained generally consistent throughout those 14 months. That, in turn, makes it much more likely than it would otherwise be that the SD website contained CSAM when G.S. visited that website during those intervening months—i.e., on December 23, 2023. And that means evidence that the SD website contained CSAM in both October 2023 and December 2024 is relevant and admissible for all the reasons we've already discussed—including, e.g., to impeach LaMar and the investigation as whole.[7]

---

[5] Doc. 141.

[6] *See* Doc. 135 at 3 ("Bush w[ill] testify regarding her review of the "[SD]" website using . . . Archive.org to identify its contents near the date it was visited on 12/23/23. Bush will testify about the images that were embedded on the "[SD}" website and their how suspected child pornography contents prevented her from safely and legally capturing the complete contents of the website.").

[7] *See, e.g.*, Doc. 77; Doc. 98.

## Conclusion

The Court should (1) allow LaMar to testify as a fact witness about the contents of the SD website when he visited it in December 2024; (2) take judicial notice of the SD website as archived by the Wayback Machine in October 2023; and (3) allow Ms. Bush to testify as a fact witness to those archived contents.

Respectfully submitted,

s/Lydia Krebs Albert
LYDIA KREBS ALBERT
Sup. Ct. No. 22673
Assistant Federal Public Defender
Federal Public Defender Office
632 SW Van Buren, Suite 200
Topeka, KS 66603
Telephone: (785) 232-9828
Fax:  785-232-9886
Email: lydia_krebs_albert@fd.org

s/ Jennifer Amyx
JENNIFER AMYX, #24260
Assistant Federal Public Defender
Federal Public Defender's Office
632 SW Van Buren, Suite 200
Topeka, KS 66603
Telephone: (785) 232-9828
Fax: (785) 232-9886
Email: Jennifer_Amyx@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

s/Lydia Krebs Albert
LYDIA KREBS ALBERT, #22673
